## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

### CASE NO:

JASON BOWLES, on behalf of himself
and all others similarly situated,

      Plaintiff(s),

      v.

THE GETAWAY TAMPA BAY, LLC d/b/a
THE GETAWAY

      Defendant.

_____/

### COLLECTIVE AND CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, JASON BOWLES ("Plaintiff") on behalf of himself and all others similarly situated, and pursuant to 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, Fla. Stat. 448.440, and Art. X, Sec. 24 of the Florida Constitution, files this Collective and Class Action Complaint for Damages and Demand for Jury Trial against Defendant, THE GETAWAY TAMPA BAY, LLC d/b/a/ THE GETAWAY (referred to as "Defendant"), for failure to pay restaurant servers federal and state minimum wages during the applicable limitations period, as follows:

## INTRODUCTION

1.      Plaintiff brings this Fair Labor Standards Act ("FLSA") collective action, 29 U.S.C. § 216(b), and Rule 23 class claim under the Florida Minimum Wage Act ("FMWA") and Article X, Section 24, of the Florida Constitution on behalf of himself and all restaurant servers employed by Defendant at The Getaway in Pinellas County, Florida, during the applicable limitations period. Defendant maintained uniform policies and practices that violated minimum-wage protections by: (a) paying servers a tipped cash wage without first providing the tip-credit notice required by 29 U.S.C. § 203(m) and (b) unlawfully retaining servers' tips by allowing managers and/or supervisors to keep, share in, or divert tip income, including through a tip pool that included managerial personnel, in violation of 29 U.S.C. § 203(m)(2)(B). As a result, any tip credit claimed by Defendant is invalid and Plaintiff and the putative collective/class are owed the full minimum wage for all affected workweeks. Plaintiff and the putative FLSA collective are also entitled to all misappropriated tips, an equal amount as liquidated damages, and reasonable attorneys' fees and costs under 29 U.S.C. § 216(b).

## PARTIES

2.      During all times material hereto, Plaintiff was a resident of Pinellas County, Florida, over the age of 18 years, and otherwise *sui juris*.



3.      Defendant is the owner and operator of The Getaway. The Getaway is a restaurant located at 13090 Gandy Blvd N, St. Petersburg, FL 33702, and is responsible for its day-to-day management, control, and business operations.

4.      Plaintiff and the putative FLSA collective members are/were restaurant servers who worked for Defendant within the last three (3) years at The Getaway in Pinellas County, Florida.

5.      Plaintiff and the putative FMWA class members are/were restaurant servers who worked for Defendant within the last five (5) years at The Getaway in Pinellas County, Florida.

6.      Plaintiff worked for Defendant as an hourly-paid, non-exempt restaurant server at The Getaway located at 13090 Gandy Blvd N, St. Petersburg, FL 33702, from on or about May 28, 2025 until on or about August 6, 2025.

7.      The proposed collective and class members worked for Defendant in the same capacity as Plaintiff in that they were non-exempt, hourly-paid tipped servers for Defendant at The Getaway in Pinellas County, Florida.

8.      Plaintiff seeks certification of one (1) collective under 29 U.S.C. § 216(b) for Federal Minimum Wage violations, as follows:

> **Tip Misappropriation Collective: All individuals currently and formerly employed by Defendant as servers (including those titled "server," "waiter," "waitress," or similar) at The Getaway in Pinellas County, Florida, who, at any time during the three (3) years preceding the filing of this Complaint, were subjected to a tip pool that**



**included managers or supervisors, or had any portion of their tips retained, shared, or diverted to managers or supervisors.**

9.     Plaintiff seeks certification of one (1) separate class under Fed. R. Civ. P. 23, the FMWA, and Florida Constitution for Florida Minimum Wage violations, as follows:

> **Tip Notice Class: All individuals currently and formerly employed by Defendant as servers at The Getaway in Pinellas County, Florida, (including those titled "server," "waiter," or "waitress") during the five (5) years preceding the filing of this action who were paid a direct cash wage below the full Florida minimum wage based on Defendant's taking of a tip credit without having received proper notice of the tip credit from Defendant.**

10.     The precise size and identity of the Class should be ascertainable from the business records, tax records, and/or personnel records of Defendant; however, Plaintiff estimates that the total number of class members exceeds 50 servers.

11.     Defendant was the "employer" of Plaintiff and all members of the putative Collective and Class as that term is defined by the FLSA and FMWA during all times pertinent to the allegations herein. Defendant exercised operational control over Plaintiff and other servers by hiring and firing, setting schedules, determining the rate and method of pay (including any claimed tip credit), directing work duties,

controlling the composition and distribution of any tip pool, and maintaining payroll and time records.

12.     Through centralized policies and payroll, Defendant dictated servers' pay practices and the structure and distribution of the tip pool.

13.     Plaintiff and the putative Collective and Class are/were non-exempt, hourly-paid servers.

## JURISDICTION AND VENUE

14.      This action is brought under 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, the Florida Minimum Wage Act ("FMWA") and Article X Section 24 of the Florida Constitution to recover damages from Defendant.

15.     This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

16.     The acts and/or omissions giving rise to this dispute took place within Pinellas County, Florida, which falls within the jurisdiction of this Honorable Court.

17.     Defendant regularly transacts business in Pinellas County, Florida, and jurisdiction is therefore proper.

18.     Venue is also proper within Pinellas County, Florida.

19.     Plaintiff fulfilled all conditions precedent required to bring his class action claims under the FMWA.



20. Specifically, on August 18, 2025, Plaintiff, through his counsel, served Defendant with a written pre-suit demand notice regarding his FMWA claims, requesting Defendant to pay his and the putative FMWA class the minimum wages owed to them.

21. Defendant attempted to moot Plaintiff's class claim by only tendering an individual payment to Plaintiff. Defendant refused to pay the FMWA classes any of the demanded wages whatsoever.

## FLSA COVERAGE

22. Defendant is, and at all relevant times was, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) by virtue of the fact that Defendant had at least two (2) or more employees engaged in commerce or in the production of goods for commerce, and/or two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

23. Further, at all material times, Defendant's employees regularly handled, sold, or otherwise worked on goods that moved in interstate commerce, including food and beverage products, such as beef, chicken, pork, lamb, salmon, bacon, tuna, crabs, olives, pasta, lobster, asparagus, broccolini, corn, cheese, oil, onions, tomatoes potatoes, lettuce, bread, and salt.



24.    Defendant's employees also regularly handled materials and equipment that moved in interstate commerce, such as pens, paper, receipts, computers, credit card processors, cleaning supplies, linens, and point-of-sale software.

25.    During each year in the applicable limitations periods (2020, 2021, 2022, 2023 & 2024) Defendant had gross annual revenue in excess of $500,000.00, and Defendant is expected to have gross annual revenue in excess of $500,000.00 in 2025.

## MISAPPROPRIATION OF SERVERS' TIPS BY MANAGERS/SUPERVISORS

26.    On or about May 2025, Defendant hired Plaintiff to work as a server.

27.    During the past three years preceding the filing of this Complaint, Defendant maintained and forced a policy and practice under which servers, including Plaintiff, are required to participate in a mandatory tip pool that included managers and/or supervisors, or otherwise remit a portion of their tips to managers and/or supervisors.

28.    Participation in the tip pool and the diversion of tip income to managers/supervisors were conditions of employment and applied uniformly to Plaintiff and other servers at The Getaway.

29.    Plaintiff specifically surrendered tips to managers including but not limited to, Abby, Carol, Aaron, and Courtney.

30.    The primary duty of the managers and/or supervisors that participated in the tip pool was the management of the servers at The Getaway.



31.    The managers and/or supervisors that participated in the tip pool customarily and regularly directed the work of two or more employees, including Plaintiff and the servers.

32.    The managers and/or supervisors that participated in the tip pool possessed authority to hire or fire other employees, including Plaintiff and the other servers, or their recommendations regarding employment decisions are given particular weight.

33.    The managers and/or supervisors who received tips that were earned by servers exercised authority over these servers' work, including setting or approving schedules, directing the flow of work and side-work, and disciplining employees.

34.    During the weeks in which managers and/or supervisors kept, shared, or were allocated any portion of servers' tips, Defendant violated 29 U.S.C. § 203(m)(2)(B), which prohibits employers, including managers and supervisors, from keeping employees' tips for any purpose.

35.    To the extent Defendant paid servers an hourly wage below the full Florida minimum wage while taking a tip credit, Defendant's diversion of tips to managers and/or supervisors invalidated the tip credit for those workweeks. Plaintiff and the Collective are therefore owed the full minimum wage and proper overtime for such weeks.

36.     Separately and independently of any tip credit, Defendant's practice of paying managers/supervisors from servers' tips entitles Plaintiff and the Collective to recover all misappropriated tip amounts and an equal amount as liquidated damages under 29 U.S.C. § 216(b).

37.     Defendant knew or should have known that the FLSA forbids employers from keeping employees' tips for any purpose and that managers and/or supervisors may not share in servers' (or tip-earning employees') tip pools. Defendant nonetheless continued these practices during the applicable limitations period, rendering the violations willful.

38.     Public records reflect that Defendant has owned and operated the Restaurant since at least 2014, well before Congress enacted 29 U.S.C. § 203(m)(2)(B) in March 2018, which has now been in effect for several years, and has, upon information and belief, been violating this provision since at least 2020.[1]

39.     During Plaintiff's employment, servers regularly complained to Defendant that ineligible participants, such as managers and supervisors, unlawfully diverted and retained portions of the tips that rightfully belonged to tip-earning employees.

---

[1] Defendant's first location in Tampa, Florida, (the subject Restaurant) is said to have opened in 2014. Caitlin Albritton, *At the New Getaway in South St. Petersburg, You're Mostly Paying for the Tiki Beach Vibe*, TAMPA BAY TIMES (June 27, 2018), https://www.tampabay.com/things-to-do/food/dining/Restaurant-review-At-the-new-Getaway-in-south-St-Petersburg-you-re-mostly-paying-for-the-tiki-beach-vibe_169573265/.



40.    Despite these complaints, Defendant knowingly failed and refused to take any action to end the practice.

41.    As a result of the foregoing, Plaintiff and the members of the Tip Misappropriation Collective have suffered loss of tip income and unpaid minimum wages, for which they seek recovery of all unpaid amounts, liquidated damages, and reasonable attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEFENDANT FAILED TO PROVIDE SERVERS WITH SUFFICIENT NOTICE OF THE TIP CREDIT

42.    During the five (5) years preceding the filing of this Complaint, Defendant has taken a tip credit by using a portion of servers' earned tips to offset its minimum wage obligations and, as a result, has paid servers an hourly wage below the applicable Florida minimum wage rate.

43.    Specifically, Defendant has claimed a tip credit of $3.02 for each hour worked by Plaintiff and all other servers.

44.    Despite claiming this tip credit, Defendant failed to provide Plaintiff and other servers with clear and advance notice of the tip credit, including, but not limited to, notifying them: (1) of the amount of the tip credit to be claimed; (2) that all tips received must be retained by the employee except for lawful tip pooling arrangements; and (3) that the tip credit would not apply unless the employee's tips, when combined with the direct hourly wage, equaled or exceeded the applicable minimum wage.



45.     In sum, Defendant (1) failed to provide the statutorily required tip credit notice under Florida law and (2) failed to pay the applicable Florida minimum wage.

46.     As a result, Plaintiff and members of the Tip Notice Class are entitled to recover at least the full Florida minimum wage for each hour they performed work.

## CLASS ALLEGATIONS

47.     Class Members are treated equally and similarly at The Getaway in Pinellas County, Florida, owned and operated by Defendant, in that they were denied state minimum wages despite the fact that Defendant did not provide the required and sufficient notice of the tip credit under Florida law.

48.     Defendant employed at least fifty (50) servers who were paid a reduced tip credit wage and were not provided with the required nor sufficient notice of the tip credit under Florida law during the past five (5) years.

49.     At all times material hereto, Defendant had actual and constructive knowledge that Plaintiff and other similarly situated servers were performing work for which they were not properly compensated, i.e. hours paid at a reduced hourly rate below the applicable Florida minimum wage.

50.     Plaintiff and the Class Members worked for Defendant at The Getaway as servers, performing the same or substantially similar duties, including taking customer orders, serving food and beverages, processing payments, and performing related side work required by Defendant.



51.    Plaintiff and the Class Members were paid in the same manner by Defendant and subjected to the same uniform, restaurant-wide pay and tip policies.

52.    Although Defendant was aware of the requirements of the Florida Constitution and FMWA, and the pertinent regulations thereto, Defendant willfully and/or intentionally failed to pay Plaintiff the Class Members in accordance with state law.

## COUNT I – COLLECTIVE ACTION
### Federal Minimum Wage Violations
### (TIP MISAPPROPRIATION COLLECTIVE)

53.    Plaintiff re-alleges and re-avers Paragraphs 1 through 52 as though fully set forth herein.

54.    Defendant attempted to claim a tip credit under federal law for each hour of work performed by Plaintiff and all other servers employed at The Getaway.

55.    Defendant has violated the FLSA by requiring Plaintiff and other servers working at The Getaway to remit at least a portion of their hard-earned tips to managers and/or supervisors.

56.    Plaintiff and all other similarly situated servers are/were entitled to be paid full Florida minimum wage for hours worked during their employment with Defendant.



57.     As a result of Defendant's unlawful practice of retaining employees' tips, Defendant has forfeited any entitlement to claim a tip credit for any portion of the relevant time period.

58.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to recover federal minimum wages for himself and the following similarly situated Tip Misappropriation Collective:

> **Tip Misappropriation Collective: All current and former individuals employed by Defendant as servers (including those titled "server," "waiter," "waitress," or similar) at The Getaway in Pinellas County, Florida, who, at any time during the three (3) years preceding the filing of this Complaint, were subjected to a tip pool that included managers or supervisors, or had any portion of their tips retained, shared, or diverted to managers or supervisors.**

59.     Because Plaintiff and all other similarly situated employees were required to surrender a portion of their tips to managers and/or supervisors, Defendant is barred under 29 U.S.C. § 203(m)(2)(B) from claiming any tip credit during the relevant time period

60.     Defendant's willful and/or intentional violations of the FLSA entitle Plaintiff and the putative Collective Members to an additional amount of liquidated, or "double," damages.

61.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the Collective Members have suffered damages in the form of lost tips and unpaid minimum wages for one or more workweeks.



WHEREFORE, Plaintiff, JASON BOWLES, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, THE GETAWAY TAMPA BAY, LLC d/b/a THE GETAWAY, and award Plaintiff, and all others similarly situated: (a) unpaid federal minimum wages; (b) the tip credit unlawfully taken by Defendant; (c) all misappropriated tips retained by Defendant in violation of 29 U.S.C. § 203(m)(2)(B); (d) an equal amount of liquidated damages; (e) all reasonable attorney's fees and litigation costs permitted under the FLSA; and any and all such further relief as the Court deems just and reasonable under the circumstances.

**COUNT II – CLASS ACTION**
**Florida Minimum Wage Violations**
**(TIP NOTICE CLASS)**

62.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 52 as though set forth fully herein.

63.     Defendant violated the terms of Fla. Stat. § 448.110 and the Florida Constitution's minimum wage requirements by taking a tip credit toward the applicable Florida minimum wage but by failing to provide Plaintiff and the putative class members the statutorily required tip notice for the past five (5) years. The Florida tip credit requirements are modeled after the FLSA.

64.    Defendant therefore forfeits any tip credit under Florida law and owes each server *at least* $3.02 for each hour of work they performed within the past five (5) years.

65.    On August 18, 2025, and through his counsel, Plaintiff served Defendant with a written pre-suit notice and demand pursuant to Fla. Stat. § 448.110, on behalf of himself, and a class of all similarly situated servers.

66.    More than fifteen (15) calendar days have elapsed since Plaintiff served Defendant with his written pre-suit notice and demand and as the date and time of this filing, Defendant has failed to tender full payment to Plaintiff and the class.

67.    From January 1, 2021, through September 29, 2021, the Florida minimum wage was $8.65 per hour.

68.    From September 30, 2021, through September 29, 2022, the Florida minimum wage was $10.00 per hour.

69.    From September 30, 2022, through September 29, 2023, the Florida minimum wage was $11.00 per hour.

70.    From September 30, 2023, through September 29, 2024, the Florida minimum wage is/was $12.00 per hour.

71.    From September 30, 2024, through the present, the Florida minimum wage is/was $13.00 per hour.

72.     Plaintiff and the proposed Tip Notice Class members are/were subjected to similar violations of the FMWA and Florida Constitution.

73.     Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following Class for Defendant's failure to pay Florida minimum wages:

> **Tip Notice Class: All current and former individuals employed by Defendant at The Getaway in Pinellas County, Florida, as servers (including those titled "server," "waiter," or "waitress") during the five (5) years preceding the filing of this action who were paid a direct cash wage below the full Florida minimum wage based on Defendant's taking of a tip credit without having received proper notice of the tip credit from Defendant.**

## FED. R. CIV. P. 23: CLASS ALLEGATIONS

74.     Plaintiff brings this FMWA claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the above class (the "Tip Notice Class").

75.     The putative Tip Notice Class members are treated equally and similarly by Defendant, in that they were denied full and proper Florida minimum wages based on Defendant's failure to provide Plaintiff and similarly situated servers proper notice of Defendant's intent to rely upon a tip credit under Florida law.

76.     *Numerosity*: Defendant employed in excess of fifty (50) servers during the past five (5) years who were not provided the required tip notice; nevertheless,



Defendant claimed a tip credit for these employees. Given Defendant's long-standing operations and the systematic nature of its failure to comply with Florida law, the Class consists of numerous members such that joinder of all is impracticable.

77.     Plaintiff and the Tip Notice Class members were subject to the same employment policies.

78.     *Commonality*: Common questions of law and fact exist as to all members of the Class and such questions predominate over any questions solely affecting any individual member of the Class, including Plaintiff. Such questions common to the class include, but are not limited to, the following: (a) whether Plaintiff and the Tip Credit Class were "employees" of Defendant; (b) whether Plaintiff's and the Tip Credit Class's hours were properly recorded; (c) whether Defendant violated the Florida minimum wage rights of Plaintiff and the Tip Notice Class under the FMWA by failing to provide sufficient notice of taking a tip credit; (d) whether Defendant willfully or intentionally refused to pay Plaintiff and the Tip Notice Class the Florida minimum wages as required under Florida law; (e) whether Defendant knew or should have known of the Florida minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices; and (f) the nature, extent, and measure of damages suffered by the Plaintiff and the Tip Notice Class based upon Defendant's conduct.

79.    *Typicality*: Plaintiff's claims are typical of the claims of the members of the Tip Notice Class. Plaintiff, like all members of the Tip Notice Class, worked for Defendant as a server at its restaurant and was paid at a reduced hourly rate offset by a claimed tip credit. Neither Plaintiff nor other Class members received clear and advance notice of the tip credit as required by Florida law. These pay practices were applied uniformly across Defendant's restaurant operations, resulting in the same type of wage violations for all Class members.

80.    *Adequacy*: Plaintiff will fairly and adequately protect the interests of the Tip Notice Class. Plaintiff has no interest that might conflict with the interests of the Tip Notice Class. Plaintiff is interested in pursuing his claims against Defendant vigorously and has retained counsel competent and experienced in class and complex litigation.

81.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to arise in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.



82.     Defendant has applied the same pay practices and lack of tip credit notice to all members of the Tip Notice Class. Because these practices arise from uniform, restaurant-wide policies, adjudicating the claims on a class-wide basis will ensure consistent determinations and avoid the risk that separate lawsuits could result in conflicting rulings on Defendant's wage obligations.

83.     Without a class action, Defendant will likely continue to retain the benefit of their wrongdoing and will continue a course of conduct that will result in further damages to Plaintiff and the Tip Notice Class.

84.     Plaintiff and the Tip Notice Class members performed the same job duties, as Servers, and were paid in an identical manner by Defendant based on Defendant's failure to provide Plaintiff and the Tip Notice Class members the appropriate tip credit notice when Defendant claimed a tip credit.

85.     Plaintiff and the Tip Notice Class members were not paid proper Florida minimum wages during the relevant time period.

86.     Defendant either willfully chose not to comply with the FMWA's tip credit laws, and deliberately failed to pay the Tip Notice Class properly, or failed to make an adequate inquiry into whether its conduct was in compliance with the FMWA. As a result, Defendant either knew, or showed reckless disregard for, the pertinent Tip Credit laws under the FMWA.

87.    Defendant was aware of the requirements of the FMWA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the Tip Notice Class members in accordance with the law.

88.    Based on information reasonably available to Plaintiff, including the number of servers employed during overlapping time periods at Defendant's restaurant locations, Plaintiff estimates that the Tip Notice Class consists of more than fifty (50) individuals. The precise size and identity of the Class can be determined through Defendant's business, tax, and personnel records.

89.    This action is intended to include each and every server who worked at Defendant's restaurant in the state of Florida during the past five (5) years who was not provided the requisite tip credit notice during any workweek.

90.    During all times material hereto, Plaintiff and all Tip Notice Class members were non-exempt employees of Defendant.

91.    Plaintiff and the Tip Notice Class members performed work as Servers, which was an integral part of Defendant's business.

92.    Defendant violated the FMWA and the Florida Constitution's provision on minimum wages by not providing Plaintiff and the putative Tip Notice Class members the requisite tip credit notice.

93.    The additional persons who may become Plaintiffs in this action are employees with positions similarly situated to Plaintiff and who suffered from the



same pay practices of not being properly paid at least Florida's minimum wage for each hour worked due to Defendant's failure in providing an adequate tip credit notice.

94.     Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed, or waived, by sending Defendant a pre-suit Florida Minimum Wage demand letter as required by Florida law before this claim was filed.

95.     A class action suit, such as this one, is superior to other available means for the fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

96.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class likely will not obtain redress of their damages and Defendant will retain the proceeds of their violations of the FMWA and Florida Constitution.

97.     Furthermore, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy, efficiency, and parity among the claims of individual members of the class and provide for judicial consistency.



98.    The relief sought is common to the entire class including, among other things: (a) payment by Defendant of actual damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or Fla. Stat. § 448.110; (b) payment by Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and/or Fla. Stat. § 448.110 as a result of Defendant's intentional and/or willful violations; and (c) payment by Defendant of the costs and expenses of this action, including reasonable attorney's fees of Plaintiff's counsel.

99.    Plaintiff and the Tip Notice Class members have sustained damages arising out of the same wrongful and company-wide employment policies of Defendant in violation of the FMWA and the Florida Constitution.

100.    Defendant's willful and/or intentional violations of state law entitle Plaintiff and the putative Tip Notice Class members to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, JASON BOWLES, respectfully requests that this Honorable Court enter judgment in his favor against Defendant, THE GETAWAY TAMPA BAY, LLC d/b/a THE GETAWAY, and award Plaintiff, and the putative class: (a) unpaid Florida minimum wages to be paid by Defendant; (b) the tip credit unlawfully taken by Defendant; (c) liquidated damages to be paid by Defendant; (d) all reasonable attorney's fees and litigation costs permitted by the Florida Constitution



and Fla. Stat. § 448.110 to be paid by Defendant; and any and all such further relief as the Court deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JASON BOWLES, on behalf of himself and each collective and class, demand a trial by jury on all appropriate claims.

**Date: September 15, 2025**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316

Ph: (954) 871-0050
*Co-Counsel for Plaintiff*

By:  */s/ Michael V. Miller*
MICHAEL MILLER, ESQUIRE
Florida Bar No. 64005
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Michael@usaemploymentlawyers.com*
*Jordan@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on September 15, 2025.

By:  */s/ Michael V. Miller*
MICHAEL V. MILLER, ESQUIRE
Florida Bar No. 0064005

